UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

NETBANK, INC.

Debtor.

Case No. 3:07-bk-04295-JAF
Chapter 11

---

CLIFFORD ZUCKER, in his capacity as Liquidating Supervisor for NETBANK, INC.,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for NetBank, f.s.b.,

Defendant.

Adversary Proceeding No.: 3:08-ap-346-JAF

---

# NOTICE OF FILING OF MOTION REGARDING SUPPLEMENTARY AUTHORITY FILED BY PLAINTIFF

Defendant, Federal Deposit Insurance Corporation, as Receiver for NetBank, f.s.b. ("FDIC"), through undersigned counsel, files this Notice of Filing of Motion Regarding Supplementary Authority Filed by Plaintiff, and states as follows:

1. Plaintiff filed a Notice of Supplementary Authority in Support of Plaintiff's Motion for Summary Judgment and Related Pleadings on April 30, 2010 (the "Notice").

2. The Plaintiff's Notice attached a copy of a non-final Memorandum Opinion of the bankruptcy judge in the *Team Financial* bankruptcy pending in Kansas (the "Partial SJ Denial"), entered in response to a Motion for Partial Summary Judgment filed by the defendant Federal Deposit Insurance Corporation, as Receiver for Team Bank, N.A. and Colorado National Bank.

{JA533056;2}

3. In response to the Partial SJ Denial, the defendant filed a Motion by the FDIC-R to Clarify, Vacate, Alter or Amend the Court's April 28, 2010 Memorandum Opinion (the "Motion") asking the bankruptcy court to (a) clarify that the Partial SJ Denial is a non-final order, (b) set a final trial for the introduction of evidence to address the open legal and factual issues, including the factual inquiries made by the court in the Partial SJ Denial, (c) reconsider certain legal opinions contained in the Partial SJ Denial, and (d) replace the Partial SJ Denial with comprehensive findings of fact, conclusions of law, and appropriate orders at the conclusion of that adversary proceeding. A copy of the Motion is attached hereto. The issues raised by the Partial SJ Denial and the Motion will be resolved in due course but remain open at this time.

WHEREFORE, the FDIC respectfully requests the Court to grant its Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

Dated: May 12, 2010.

AKERMAN SENTERFITT

By: */s/ Raye Curry Elliott*
David E. Otero
Florida Bar No.: 651370
E-mail: david.otero@akerman.com
Raye Curry Elliott
Florida Bar No.: 018732
E-mail: raye.curryelliott@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Attorneys for Defendant, Federal Deposit Insurance Corporation as Receiver for NetBank, f.s.b.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed electronically with the Clerk of Court on May 12, 2010 using CM/ECF, which will send a Notice of Electronic Filing to the following counsel of record:

Todd C. Meyers, Esq.
Sameer Kapoor, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530

*/s/ Raye Curry Elliott*
Attorney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>TEAM FINANCIAL, INC.,<br>  *Debtor.* | ) <br> ) Case No. 09-10925 <br> ) Chapter 11 <br> ) <br> ) |
| IN RE:<br><br>TEAM FINANCIAL ACQUISITION<br>SUBSIDIARY, INC.,<br>  *Debtor.* | ) <br> ) Case No. 09-10926 <br> ) Chapter 11 <br> ) <br> ) <br> ) |
| IN RE:<br><br>POST BANKCORP, INC.,<br>  *Debtor.* | ) <br> ) Case No. 09-10927 <br> ) Chapter 11 <br> ) <br> ) |
| TEAM FINANCIAL, INC., TEAM<br>FINANCIAL ACQUISITION<br>SUBSIDIARY, INC., and POST<br>BANCORP, INC.,<br>  *Plaintiffs,*<br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>  *Defendant.* | ) <br> ) <br> ) Adv. Case No. 09-05084 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION BY THE FDIC-R TO CLARIFY, VACATE, ALTER OR AMEND THE COURT'S APRIL 28, 2010 MEMORANDUM OPINION

The Federal Deposit Insurance Corporation ("FDIC-R"), as receiver for TeamBank, N.A. and Colorado National Bank (collectively, the "Banks"), by its counsel, pursuant to relevant law, including but not limited to F. R. Bankr. P. 7052, 9023, and 9024, hereby moves this Court to vacate, alter or amend that certain Memorandum Opinion and related orders, docket entries 48 and 49 entered on April 28, 2010 (the "Opinion") denying the FDIC-R's Motion for Partial Summary Judgment and Memorandum in Support, docket no. 37 ("Partial SJ Motion"). At a

1

DB04/837858.0002/2789197.2 CR05

Case 09-05084   Doc# 52   Filed 05/11/10   Page 1 of 6

minimum, the Opinion should be amended to state that it is not a final order for purposes of 28 U.S.C. § 158(a)(1) and F.R. Bankr. P. 8001 and 8002. Moreover, the Opinion should be vacated, altered or amended after development of a complete factual record and to correct errors of law. In support, the FDIC-R states:

### I. The Opinion Should Be Clarified To State That It Is Not a Final Order.

1. The Opinion is not a "final order" within the meaning of relevant law, including but not limited to 28 U.S.C. §158(a)(1) and F. R. Bankr. P. 8001 and 8002. To avoid any possible uncertainty about this in the event of an appeal at the conclusion of this adversary action, the FDIC-R asks this Court to clarify the Opinion to state that it is not a final order.

2. The Partial SJ Motion does not request, and the Opinion does not purport to grant, final relief. The Partial SJ Motion requested that this Court:

> *enter partial summary judgment* determining as a matter of law that the Banks, and the FDIC-R as successor to the Banks, are the owners of and therefore entitled to receipt of all tax refunds attributable to the Banks, and *otherwise reserving for future determination the exact dollar amount payable to the FDIC-R pursuant to such ruling*.

Partial SJ Motion, pages 1-2 (emphasis added). In addition, at the end of the Partial SJ Motion, the FDIC-R generally reserved its rights on all other fact, legal and other matters related to this adversary proceeding.

3. Consistent with the Partial SJ Motion, the Opinion rules on discrete legal issues and does not otherwise resolve this adversary proceeding as discussed further herein. Indeed, the Court expressly left specific fact issues undecided:

   a. "whether the anticipated tax refund expected to be generated by the net operating loss carry back is attributable to TeamBank's and/or CNB's losses against their prior income and the amount of such losses," Opinion, page 7;

   b. "which entities in the Consolidated Tax Group were operating entities," *Id.*;

2

DB04/837858.0002/2789197.2 CR05

Case 09-05084    Doc# 52    Filed 05/11/10    Page 2 of 6

c. "the amount of the Consolidated Tax Group's taxable income or liability for any year or the amount of tax liability paid by the members of the Consolidated Tax Group in those years," *Id.*;

d. whether "the TAA entered by the Team Consolidated Tax Group contravenes the stated policy [of the interagency policy statement] that a group member not receive less favorable treatment than if it had filed its income tax return as a separate entity," *Id.*, page 18;

e. whether "Team or the debtors have implemented the TAA by engaging in unfairness, overreaching or unconscionable conduct that would preclude its enforcement, [because of the absence of facts as discussed in clauses (i) to (v)]" *Id.* at pages 18-19.

4. Also, the Opinion does not resolve this adversary proceeding in that the Opinion does not address the following legal issues, including any related facts:

a. The Debtors' request for turnover in Count I of the Complaint (docket no. 1), including but not limited to the effect of repudiation of the TAA[1] by the FDIC-R discussed in paragraph 14 of the Complaint;

b. The Debtors' request to enforce the automatic stay against the FDIC-R in Count II of the Complaint, including but not limited to whether the automatic stay applies to the Repudiation Letters referenced in paragraph 19 of the Complaint;

c. The Debtors' Motion Pursuant to 11 U.S.C. §365 to Assume Executory Contract Known as "Tax Allocation Agreement" ("Assumption Motion") (docket no. 66 in the main case), or the FDIC-R's objection thereto (docket no. 115 in the main case), both of which were consolidated with this adversary action pursuant to this Court's Court Room Minute Sheet (docket no. 153 in the main case);

d. Whether the TAA violates the restrictions in 12 U.S.C. §371c(a)(1), including the dollar amount of a "covered transaction" therein, Opinion, page 20;

e. Whether the TAA violates the restrictions in 12 U.S.C. §371c(c) because no collateral was provided to the Banks with respect to the TAA's treatment of refunds attributable to their earnings history as loans to the Holding Company;

f. The affirmative defenses of "estoppel, failure of consideration, fraud, fraudulent conveyance, illegality, ultra vires, and unclean hands, "particularly if and to the extent the Tax Allocation Agreement identified in the Complaint fails to comply with relevant law," raised by the FDIC-R in its Answer, paragraph 24;

---

[1] Defined terms herein shall have the same meanings as in the Opinion.

3

DB04/837858.0002/2789197.2 CR05

Case 09-05084   Doc# 52   Filed 05/11/10   Page 3 of 6

g. The "reservation of rights" at the end of the FDIC-R's Motion for Partial Summary Judgment (docket no. 37), "including but not limited to avoidance of the Tax Allocation Agreement as a fraudulent transfer under 12 U.S.C. §1821(d)(17); repudiation of the Tax Allocation Agreement, under 12 U.S.C. §1821(e); preemption of the issues involved in this adversary action by the claim process created under 12 U.S.C. §1821(d)(3); [and] imposition of a constructive or resulting or other trust under relevant law."

5. Accordingly, the Opinion does not address significant factual and legal issues in this adversary action. To that end, this Court has scheduled a status conference in the case, presumably contemplating that the parties will have an additional opportunity to develop the evidentiary and legal record in order to permit this Court to make a final decision in this case.

6. For these reasons, the FDIC-R believes that the Opinion is not a final order. Out of an abundance of caution, the FDIC-R seeks clarification to avoid any uncertainty that may adversely affect any potential appeal in this case at its conclusion. The FDIC-R requests this Court to clarify the Opinion to state that it is not a final order within the meaning of relevant law, including but not limited to 28 U.S.C. § 158(a)(1) and F.R. Bankr. P. 8001 and 8002.

## II. The Opinion Should Be Vacated, Altered Or Amended.

7. Regardless of whether the Opinion is considered a "final order" within the meaning of relevant law, the FDIC-R respectfully submits that this Court vacate the Opinion, and replace it with comprehensive findings of fact, conclusions of law, and appropriate orders at the conclusion of this adversary proceeding.[2]

8. The Partial SJ Motion, and now the Opinion, involve narrow legal and factual issues that only address a small subset of all the legal and factual issues in this adversary proceeding. Moreover, for the reasons noted herein and to be developed as this adversary proceeding moves forward, the FDIC-R respectfully submits that determination of the above fact

---

[2] If the Opinion is a "final order," then this Motion tolls the time for filing a notice of appeal pursuant to F. R. Bankr. P. 8002(b).

4

and legal issues should result in this Court vacating the Opinion, or at least altering, amending, or supplementing it.

9. Among other reasons, the FDIC-R respectfully submits that this Court should vacate, alter, amend, or supplement the Opinion because the Opinion:

   a.  creates a new and erroneous description of the legal effect of Treas. Reg. section 1.1502-77, and *Bob Richards* and its progeny, as making the parent company a "spokesman" for the group rather than an "agent," as expressly provided in the regulation and the holdings in the cases;

   b.  omits any discussion of the distinction between tax savings arising as a benefit of consolidation and tax refunds arising as a result of the earnings history of one member, Part I. B. of the FDIC-R's Partial SJ Motion;

   c.  omits any discussion of the primary case directly on point, *BSD Bancorp*, discussed in Part IV. A. 1. of the FDIC-R's Partial SJ Motion;

   d.  fails to reconcile the language in the TAA that the parties wish to "preserve the economic rights and obligations which would accrue to each [party] from the filing of separate federal income tax returns," Opinion, page 5, with the holding that, based on the narrow legal issues addressed therein, the TAA strips the Banks of their ownership rights to any refunds attributable to the Banks.

10. Pursuant to a prior Agreed Order (docket no. 46), this Court suspended all discovery in this adversary action pending issuance of the Opinion, and directed the parties to confer and present a proposed scheduling order to this Court at the status conference that now has been set for June 8, 2010. That is exactly what the FDIC-R intends to do as to the factual and legal issues identified above, as well as this Motion. Accordingly, the FDIC-R respectfully suggests that this Court consolidate determination of this Motion with these other matters at a final trial in this adversary action, and then replace the Opinion with one comprehensive opinion with all appropriate findings of fact, conclusions of law, and orders.

11. Given the above request to consolidate determination of this Motion with the other matters at a final trial in this adversary action, the FDIC-R respectfully requests that a

memorandum in support of this motion be deferred and incorporated into memoranda addressing all remaining matters in this adversary action.

WHEREFORE, the FDIC-R respectfully requests that this Court grant the relief requested above, and grant such other or further relief as is necessary or appropriate in the circumstances.

STINSON MORRISON HECKER LLP

By: ___s/ Paul M. Hoffmann_____
Paul M. Hoffmann (D. Kan. Bar #70170)
Nicholas J. Zluticky (KS # 23935)
1201 Walnut, Suite 2900
Kansas City, MO 64106-2150
Telephone: (816) 842-8600
Facsimile: (816) 691-3495

ATTORNEYS FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR TEAM BANK, N.A. AND COLORADO NATIONAL BANK

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 11th day of May, 2010, a true and correct copy of the foregoing document was filed with the CM/ECF system, which sent notice to all parties receiving ECF notices.

__s/ Paul M. Hoffmann_____
Attorneys for The Federal Deposit Insurance Corporation, as Receiver for Team Bank, N.A. and Colorado National Bank

6

DB04/837858.0002/2789197.2 CR05

Case 09-05084   Doc# 52   Filed 05/11/10   Page 6 of 6