UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

NETBANK, INC.

    Debtor.

Case No. 3:07-bk-04295-JAF
Chapter 11

---

CLIFFORD ZUCKER, in his capacity as Liquidating Supervisor for NETBANK, INC.,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for NetBank, f.s.b.,

    Defendant.

Adversary Proceeding No.: 3:08-ap-346-JAF

---

### REPLY TO RESPONSE TO MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT WITH REGARD TO ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AMEND OR ALTER JUDGMENT IN FAVOR OF PLAINTIFF

Federal Deposit Insurance Corporation, as Receiver for NetBank, f.s.b. ("FDIC"), replies to the Plaintiff's Response to the FDIC's Motion to Amend or Make Additional Findings of Fact with regard to the Court's September 30, 2010, Order as follows:

1. The parties are in agreement regarding substituting the following language for the existing footnotes 4 and 5:

    a. Footnote 4: The Bank Affiliated Group generated taxable income of $22,095,685 for the 2005 tax year. The Debtor and the other members of the Consolidated Group that were not members of the Bank Affiliated Group generated a net operating loss of $4,108,426 for the 2005 tax year.

b.      Footnote 5: The Bank Affiliated Group generated a net operating loss of $86,804,020 for the 2006 tax year. The Debtor and the other members of the Consolidated Group that were not members of the Bank Affiliated Group generated a net operating loss of $7,324,532 for the 2006 tax year.

2.      The Plaintiff admits he never moved for summary judgment on the FDIC's Counterclaim.  While courts have discretion to enter summary judgment sua sponte on a counterclaim, it is improper under F.R.B.P. 7056 to do so where a party has not been given an opportunity to present evidence that there is no genuine issue of material fact.  This is true even where "both the original claim and the counterclaim revolve around basically the same fact matrix."  *Sharlitt v. Gorinstein*, 535 F.2d 282, 283 (5th Cir. 1976) (analyzing a Southern District of Florida decision).  Accordingly, the Court should vacate the portion of the Order and Judgment ruling in favor of the Plaintiff on the FDIC's Counterclaim, or, alternatively, clarify that the Court ruled sua sponte.

Respectfully submitted, this 27th day of October, 2010.

AKERMAN SENTERFITT

By:*/s/ Adina L. Pollan*
David E. Otero
Florida Bar No.: 651370
Email: david.otero@akerman.com
Adina L. Pollan
Florida Bar No.: 15639
Email:  adina.pollan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, FL  32202
Telephone:  (904) 798-3700
Facsimile:  (904) 798-3730

Attorneys for FDIC as Receiver for NetBank, f.s.b.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this 27th day of October, 2010, to:

NetBank, Inc.
751 Oak Street
Jacksonville, FL 32204

Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc.
c/o Todd C. Meyers, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309

/s/Adina L. Pollan
Attorney