UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

NETBANK, INC.

    Debtor.

Case No. 3:07-bk-04295-JAF
Chapter 11

---

CLIFFORD ZUCKER, in his capacity as Liquidating Supervisor for NETBANK, INC.,

    Plaintiff and Appellee,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for NetBank, f.s.b.,

    Defendant and Appellant.

Adversary Proceeding No.: 3:08-ap-346-JAF

---

**APPELLANT FEDERAL DEPOSIT INSURANCE CORPORATION'S
AMENDED DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD
AND STATEMENT OF ISSUES TO BE PRESENTED**

Federal Deposit Insurance Corporation, as Receiver for NetBank, f.s.b. ("FDIC"), pursuant to Federal Rule of Bankruptcy Procedure 8006, submits its Designation of Items to be Included in the Record on Appeal and Statement of Issues to be Presented as follows:

**DESIGNATION OF THE RECORD**

| Filing Date | Docket No. | Description |
|---|---|---|
| 10/23/2008 | 1 | Complaint filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 12/11/2008 | 15 | Answer to Complaint and Affirmative Defenses with Counterclaim filed by FDIC |

| Filing Date | Docket No. | Description |
|---|---|---|
| 1/12/2009 | 23 | Answer to Counterclaim filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 1/14/2009 | 24 | Motion to Dismiss Adversary Proceeding filed by United States of America |
| 1/14/2009 | 25 | Brief in support of motion to dismiss filed by United States of America |
| 2/19/2009 | 35 | Order Granting Motion to Dismiss Adversary Proceeding as to the United States Only |
| 3/13/2009 | 40 | Supplemental Order granting United States of America's Motion to Dismiss |
| 7/22/2009 | 42 | Certificate of Service Re: First Requests for Production of Documents to Federal Deposit Insurance Corporation Regarding Complaint Under Sections 541 and 542 of the Bankruptcy Code Seeking a Declaratory Judgment Regarding Ownership of a Certain Tax Refund and Turnover of Property of the Bankruptcy Estate filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 12/14/2009 | 46 | Motion for Summary Judgment with Attachments # 1 Exhibit A; # 2 Exhibit B; # 3 Exhibit C; # 4 Exhibit D; # 5 Exhibit E; # 6 Exhibit F; # 7 Exhibit G; # 8 Exhibit H; # 9 Exhibit I; # 10 Exhibit J; # 11 Exhibit K; # 12 Exhibit L; # 13 Exhibit M; # 14 Exhibit N; # 15 Exhibit O; and # 16 Exhibit P filed by FDIC |
| 12/14/2009 | 47 | Notice of Filing Affidavit of Robert C. Schoppe in Support of Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment filed by FDIC |
| 12/14/2009 | 48 | Notice of Filing Plaintiff's Responses to Defendant's Requests for Admissions and Requests for Production of Documents in Support of Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment |
| 12/14/2009 | 49 | Motion For Summary Judgment filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 1/29/2010 | 52 | Response to Plaintiff's Motion for Summary Judgment filed by FDIC |
| 1/29/2010 | 53 | Response to (Plaintiff's Response in Opposition to Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment) filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |

| Filing Date | Docket No. | Description |
|---|---|---|
| 2/22/2010 | 55 | Response to (Plaintiff's Reply to Defendant Federal Deposit Insurance Corporation's Response to Plaintiff's Motion for Summary Judgment) filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 2/22/2010 | 56 | Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed by FDIC |
| 3/8/2010 | 57 | Request for Oral Argument filed by FDIC |
| 3/10/2010 | 58 | Response to Defendant's Request for Oral Argument filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 3/22/2010 | 59 | Order Denying Request for Oral Argument |
| 4/30/2010 | 61 | Notice of Supplemental Authority in Support of Plaintiff's Motion for Summary Judgment and Related Pleadings filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 5/12/2010 | 62 | Notice of Filing of Motion Regarding Supplementary Authority Filed by Plaintiff filed by FDIC |
| 6/22/2010 | 63 | Notice of Filing Order Regarding Supplementary Authority Filed by Plaintiff filed by FDIC |
| 9/30/2010 | 64 | Order Granting Plaintiff's Motion For Summary Judgment and Denying Defendant's Motion for Summary Judgment |
| 9/30/2010 | 65 | Judgment in Favor of Plaintiff |
| 10/13/2010 | 66 | Motion to Amend or Make Additional Findings of Fact with Regard to Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, and Amend or Alter Judgment in Favor of Plaintiff filed by FDIC |
| 10/14/2010 | 68 | Response to Motion to Amend or Make Additional Findings of Fact with Regard to Order Granting Plaintiff's Motion for Summary Judgment, and Amend or Alter Judgment in Favor of Plaintiff filed by Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc. |
| 10/27/2010 | 76 | Reply To Response To Motion To Amend Or Make Additional Findings Of Fact With Regard To Order Granting Plaintiff's Motion For Summary Judgment And Denying Defendant's Motion For Summary Judgment, And Amend Or Alter Judgment In Favor Of Plaintiff filed by FDIC |
| 11/30/2010 | 86 | Order Regarding Motion to Amend or Make Additional Findings of Fact with Regard to Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, and Amend or Alter Judgment in Favor of Plaintiff |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.  Whether the Bankruptcy Court erred in entering the (a) Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, (b) Judgment in favor of Plaintiff, and (c) Order Regarding Motion to Amend or Make Additional Findings of Fact with Regard to Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, and Amend or Alter Judgment in Favor of Plaintiff, rather than granting FDIC's Motion for Summary Judgment and entering Judgment in favor of FDIC on the Complaint and the Counterclaim?

2.  Whether the Bankruptcy Court erred in construing the Tax Sharing Agreement[1] to find that the Tax Refund[2] was property of the Debtor's estate where multiple provisions of the Tax Sharing Agreement and the regulatory requisites of the Bank, including 12 U.S.C. § 371c, showed the parties only gave the Debtor a right to possession of the Tax Refund in its capacity as agent of the Bank?

3.  Whether the Bankruptcy Court erred in finding the parties intended the Tax Sharing Agreement to create a loan from the Bank to the Debtor of the Tax Refund allocable to the Bank under the Tax Sharing Agreement, rather than to have the Debtor act as a receiving agent for the Bank with respect to the Tax Refund?

4.  Whether the Bankruptcy Court erred in holding section 9(c) of the Tax Sharing Agreement evidences the parties' intent to create a debtor-creditor relationship, rather than an

---

[1] The Tax Sharing Agreement is the agreement the Bank and the Debtor, along with the other direct and indirect subsidiaries of the Debtor and the Bank, entered into named the Amended and Restated Tax Sharing Agreement effective January 1, 2003, that specifically provided for the allocation of tax refunds among the corporations included in the consolidated tax return.

[2] The Tax Refund is the refund the Debtor sought for the 2006 tax year for income taxes in the amount of $5,735,176 attributable to the carryback of an affiliated group of corporate entities, including the Bank and its subsidiaries', net operating loss incurred for the 2006 tax year to the 2005 tax year. The amount in escrow for the 2006 tax year refund is currently $6,262,345.64.

agent-principal relationship, in view of the evidence and Bankruptcy Court holding that section 9(c) only applies to procedural matters and simply appoints the Debtor as "agent and attorney-in-fact" procedurally for preparing and filing tax returns?

5. Whether the Bankruptcy Court erred in holding the Interagency Policy Statement is not relevant in determining the status of the Debtor with respect to the Tax Refund in view of the evidence that the Policy was incorporated by section 10(a) of the Tax Sharing Agreement and the Policy Statement contains several provisions that prohibit the Debtor from asserting that it does not hold the Tax Refund as agent for the Bank?

6. Whether the Bankruptcy Court erred in holding 12 U.S.C. § 371c does not affect the rights to the Tax Refund in view of the fact that § 371c prohibits banks from making loans to their affiliates except as set forth in the statute, and a loan of the Tax Refund from the Bank to the Debtor would not meet those requirements on its face?

7. Whether the Bankruptcy Court erred in failing to deny Plaintiff's Summary Judgment where the Court stated that it could not determine from the record before it that the Tax Sharing Agreement violates the restrictions set forth in 12 U.S.C. § 371c?

8. Whether the Bankruptcy Court erred in holding the economic reality of the Tax Sharing Agreement evidences that the parties intended to establish a debtor-creditor relationship, rather than an agent-principal relationship?

9. Whether the Bankruptcy Court erred in holding that the Tax Sharing Agreement was not unfair, unconscionable, the product of overreaching, or provides an unfair advantage or benefit to the Debtor where it found that the Tax Sharing Agreement created a debtor-creditor relationship?

10. Whether the Bankruptcy Court erred in holding that the Tax Sharing Agreement created a debtor-creditor relationship with respect to the Tax Refund where such a relationship contravenes explicit Federal statutory provisions and policies and therefore is contrary to public policy?

11. Whether the Bankruptcy Court erred in entering the Judgment against FDIC on its counterclaim in view of the evidence that the Tax Refund is not property of the Debtor's estate?

12. Whether the Bankruptcy Court erred in holding FDIC must turn over the Tax Refund pursuant to § 542(a) of the Bankruptcy Code in view of the evidence that the Tax Refund is not property of the Debtor's estate?

13. Whether the Bankruptcy Court erred in finding that FDIC's actions in attempting to gain control of the Tax Refund and disavowing the Tax Sharing Agreement were ineffectual and violations of the automatic stay under § 362(a) of the Bankruptcy Code in view of the evidence that FDIC is entitled to the Tax Refund and therefore the Tax Refund was never property of the Debtor's estate, and because FDIC, in its role as receiver, has the power, under the Internal Revenue Code, to file claims for tax refunds "notwithstanding any other provision of law," and, under Title XII of the U.S. Code, to repudiate contracts that it deems burdensome to the Bank?

14. Whether the Bankruptcy Court erred in holding that the rejection of the Tax Sharing Agreement under the Debtor's Plan had no effect on the rights to the Tax Refund?

Dated: December 9, 2010

                                      AKERMAN SENTERFITT

                                      By: */s/ Adina L. Pollan*
                                          David E. Otero
                                          Florida Bar No.: 651370
                                          david.otero@akerman.com
                                          Adina L. Pollan
                                          Florida Bar No.: 15639
                                          adina.pollan@akerman.com

> 50 North Laura Street, Suite 2500
> Jacksonville, FL  32202
> Telephone:  (904) 798-3700
> Facsimile:   (904) 798-3730
>
> Attorneys for FDIC as Receiver for NetBank, f.s.b.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this 9th day of December, 2010, to:

NetBank, Inc.
751 Oak Street
Jacksonville, FL  32204


Clifford Zucker, in his capacity as Liquidating Supervisor for NetBank, Inc.
c/o Todd C. Meyers, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309

> */s/Adina L. Pollan*
> Attorney